COCA-COLA BOTTLING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9387. Promulgated May 13, 1927.

No allowance can be made for the exhaustion of the cost of a contract granting a perpetual privilege to bottle Coca-Cola.

*Leon O'Quin, Esq.*, for the petitioner.
*Thomas P. Dudley, Jr., Esq.*, for the respondent.

The Commissioner determined deficiencies of $4,280.36 for 1920 and $811.40 for 1921. This proceeding arises because of the refusal of the Commissioner to allow a deduction of $8,387.70 for each of the years as alleged exhaustion of.a contract giving petitioner the exclusive privilege to bottle and sell Coca-Cola in three counties in the State of Texas, and the disallowance by the Commissioner of a portion of the depreciation claimed upon machinery and. equipment for 1920 and 1921.

FINDINGS OF FACT.

Petitioner is a corporation organized in 1919 under the laws of the State of Texas, with its domicile in Wichita Falls.

On December 13, 1919, the Coca-Cola Bottling Co., of Wichita Falls, purchased the Coca-Cola bottling business and plant of Mc-Daniels, Jay & Co., a copartnership doing business in Wichita Falls under the name of Coca-Cola Bottling Works, for the sum of $100,000 paid in cash and notes, the business purchased including the exclusive right or contract of McDaniels, Jay & Co. to bottle and sell Coca-Cola in the counties of Wichita, Clay, and Archer in the State of Texas in accordance with provisions of a contract entered into between the Coca-Cola Bottling Co., a Tennessee corporation with its principal office in Atlanta, Ga., and McDaniels, Jay & Co., and approved by the Coca-Cola Co., a corporation of Atlanta, Ga.

The consideration paid by the petitioner for the business and contract was $100,000. The amount of $16,122.98 was paid for the physical assets and $83,877.02 for the exclusive right to bottle and sell Coca-Cola in certain counties in Texas in which such exclusive right or privilege had theretofore been held by McDaniels, Jay & Co. The exclusive right to bottle and sell Coca-Cola was embodied in the usual form of contract executed by the parent Coca-Cola Bottling Co. cancelable by the parent company upon the failure of the grantee to properly and vigorously push the sale of the bottled product, and was not transferable except with the consent of the parent company.

The contract so purchased had no stated or fixed term but was subject to termination by the Coca-Cola Company, grantor of the right, upon failure of petitioner to vigorously and properly push the sale of bottled Coca-Cola, and was subject to cancellation by either party if the other failed for thirty days after due notice to perform its obligations according to stipulations and conditions imposed by the contract. The terms of the contract, other than are herein stated, are not material to the decision of the questions involved.

At the time of the purchase referred to Wichita Falls was a prosperous town due to activities in oil. Petitioner began business the latter part of December, 1919, and is still engaged in bottling and selling Coca-Cola in the counties named.

The greater portion of petitioner's business is done during the months of June, July, August, and September.

### OPINION.

LITTLETON: Section 234 (a) (7) of the Revenue Acts of 1918 and 1921 allows as a deduction a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.

It is insisted by petitioner that Coca-Cola contracts of the character as the one owned by it are estimated by persons when purchasing them to produce a return sufficient to restore the capital invested therein within six or seven years, and that the investment of $83,877.02 in the · contract here involved was made with the expectation that such return would be had, at least within ten years; petitioner claims, therefore, that the contract should be treated as if it were in fact a ten-year contract, and one-tenth of the cost thereof in 1919 allowed as a deduction for each of the years 1920 and 1921 for exhaustion. Petitioner contends that if a deduction from gross income for exhaustion of this contract is not allowed it will be taxed upon its capital.

The annual deduction for exhaustion, wear and tear of property used in the trade or business is for the purpose of returning to the taxpayer the March 1, 1913, value or the cost of the property if acquired subsequent to that date at the end of its useful life in the trade or business. *Appeal of W. J. Ostheimer*, 1 B. T. A. 18.

The allowance for exhaustion, wear and tear is not based upon the amount of profit derived in any year or over any particular period of time from the business in connection with which such property may be used, but is computed upon the basis of the March 1, 1913, value or cost applying ratably over the useful life of the property in the business, and the fact that the purchaser of a contract may earn profits in an amount equal to the cost of such contract in a specified period of time forms no basis for the determina-

tion of the useful life thereof for the purpose of the exhaustion deduction.

The exclusive franchise or privilege of bottling and selling Coca-Cola in certain counties granted to petitioner by the Coca-Cola Co., as manufacturers of Coca-Cola syrup, was unlimited in duration. The instrument stipulated that upon the happening of certain contingencies the contract could be canceled by either party and under certain circumstances the privilege granted therein could be revoked by the Coca-Cola Co. and given to another, but the happening of these events was so indefinite and uncertain as to form no basis for the determination of the useful life of the contract. We have held that no allowance can be made for the exhaustion of the March 1, 1913, value of an application for a patent until such application ripens into a patent having a definite and determinable life. *Individual Towel & Cabinet Service Co.*, 5 B. T. A. 158.

Under the terms of the contract here involved there was no exhaustion of the capital investment by the lapse of time. The fact that the earnings of the business may have increased or decreased from year to year has no bearing upon the question of exhaustion. Upon the facts the Board is of the opinion that the Commissioner correctly denied the deduction for each of the years involved of one-tenth of the cost of the contract.

The evidence is insufficient to show that petitioner is entitled to a greater allowance for exhaustion, wear and tear of machinery and equipment than that allowed by the Commissioner.

*Judgment will be entered for the respondent.*